McKinney, J.
delivered the opinion of the court.
This is an action of trover, brought in the Circuit Court of McMinn county, by the defendant in error, in the character of widow, and relict of Richard Curd, deceased, against the plaintiffs in error, as administrators of his estate, upon the 2nd sec. of the act of 1842, ch. 44, which provides, in the latter clause of the section, that “ the property hereby exempt from execution, shall be secured to the widow, as the head of the family, after the death of the husband, and shall not .go to the executor or administrator.”
It appears, from the proof, in the bill of exceptions, that a separation had taken place between the intestate and *172 tbe defendants in error, about two years before tbe death of tbe former, and which continued up to the time of his death. All the personal property of the estate was sold by the administrators, including the various articles secured by law to the widow — she not having, previously to said sale, demanded, or set up claim to the same. Sometime after the sale a demand was made of the property, and the administrators having disabled themselves to .deliver it, this action was instituted to recover damages for the conversion. The verdict and judgment were for the plaintiff in the court below, to reverse which an appeal in error is prosecuted to this court.
We think there is no error in this record.
1. It is supposed, that by construing the second section of the act of 1842, in pari materia, with the several preceding acts relating to the same subject, the intention of the legislature is shown to be, that the provision of the latter clause of the section in question, should be restricted and confined to the widows of “poor persons,” in cases where the distributive share of the personal estate, under the general law, would not afford the means of an adequate support. However plausible this construction, there is no principle upon which it can be supported. The language used in this section of the act, is plain, unambiguous, and imperative — its application is general and unlimited, and extends to widows irrespective of the value of the estate. With the policy, or abstract justice, in many cases, of this statute, we have nothing to do. Its terms being general and imperative, an implicit obedience is exacted from the courts in carrying into effect its provisions.
2. An action of trover may well be maintained in a case like the present. The act declares, that the articles “ secured to the widow,” “ shall not go to the executor or *173 administrator.” Upon the death of the intestate the title instantly vests, by operation of law,'in the widow. No interest vests in the personal' representative, and he can have nothing to do with the property, unless, perhaps, upon the failure of the widow to make the selection in proper time, to have the various articles, to which by law she may be entitled, selected and set apart for her benefit. He can exercise no dominion over such property as against the widow — much less make sale of the same without her knowledge or consent; and the exercise of any such control or dominion is a conversion for which he is liable in damages in this form of action.
3. To entitle the widow to maintain her action, it is enough that the legal relation of widow exists. And it is not required of her to show, that, previous to the sale, she demanded the property, or made, or offered to make, a selection of the articles secured to her by law, from the other property belonging to the estate. The statute forbids .the interference of the personal representative therewith.
Let the judgment be affirmed.